```
             UNITED STATES DISTRICT COURT
              DISTRICT OF MASSACHUSETTS
```

| | |
|---|---|
| BRIAN RACINE,<br><br>             Petitioner,<br><br>v.<br><br>SEAN MEDEIROS,<br><br>             Respondent. | No. 15-cv-14165-PBS |

**REPORT AND RECOMMENDATION REGARDING PETITION FOR WRIT**
**OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2254 (Dkt. No. 1)**

Cabell, U.S.M.J.

### I.  INTRODUCTION

On June 10, 2011, a jury in the Massachusetts Superior Court for Middlesex County convicted petitioner Brian Racine ("Racine") of indecent assault and battery on a child under the age of 14. On June 16, 2011, Racine was also convicted following a bench trial of being a subsequent offender. Racine was sentenced to a term of 15 to 25 years in state prison and is currently serving that sentence. Pending before the court is his petition for habeas corpus pursuant to 28 U.S.C. § 2254. The government argues that the court should dismiss the petition because Racine has failed to exhaust his state court remedies with respect to four of the five grounds he advances in the petition. For the reasons detailed

below, the Court agrees that the petitioner has failed to exhaust his state court remedies but does not agree that dismissal is warranted. Rather, the Court recommends to the District Judge to whom this case is assigned that the petitioner be given 30 days from the District Judge's ruling to drop his unexhausted claims. If he fails to do so, the petition should be dismissed.

## II.  DISCUSSION

The exhaustion of remedies requirement, 28 U.S.C. § 2254(b), provides that state prisoners must exhaust their available state court remedies before seeking a federal writ of habeas corpus, thereby "giving the State the opportunity to pass on and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal quotation marks omitted). A habeas petitioner bears the "heavy burden" of demonstrating compliance with the exhaustion requirement. *Barresi v. Maloney*, 296 F.3d 48, 51 (1st Cir. 2002).

In order to provide state courts with that necessary opportunity, a petitioner must "fairly present" his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim. *Baldwin*, 541 U.S. at 29. Although a petitioner need not present his federal claims in precisely the same terms in both the state and federal courts, he must tender his federal claim to the state's highest court "in such a way as

2

to make it probable that a reasonable jurist would have been alerted to the existence of the federal question." *Barresi*, 296 F.3d at 51 (internal quotation marks omitted).  He also must present to the state court both the factual and legal underpinnings of his claim, *Nadworny v. Fair*, 872 F.2d 1093, 1096 (1st Cir. 1989), and must "do more than scatter some makeshift needles in the haystack of the state court record." *Martens v. Shannon*, 836 F.2d 715, 717 (1st Cir. 1988).

Racine appealed his conviction, which the Supreme Judicial Court (SJC) subsequently affirmed.  *See Commonwealth v. Racine*, 470 Mass. 1107, 26 N.E. 3d 747 (Table) (January 30, 2015).  The petitioner must, however, do more than appeal in order to exhaust his remedies; he must have "fairly presented" to the SJC the issues he now seeks to raise before this Court in order for it to entertain them on their merits.

The habeas petition advances five grounds for relief. Racine argues that:  (1) the trial court erred when it admitted testimony of the defendant's demeanor during police questioning; (2) the trial court improperly limited impeachment evidence regarding a prosecution witness; (3) the prosecution tainted the victim's testimony by improperly soliciting promises from the victim on how the victim would answer questions; (4) the court improperly amended the indictment after the close of evidence when it changed the

3

phrase "On diverse dates…" to "On a date between…"; and (5) he is actually innocent of the charged offenses.

The government acknowledges that Racine presented the argument raised in Ground Four to the SJC, but contends that he did not raise the arguments set forth in Grounds One, Two, Three and Five of the petition.  After reviewing the petitioner's brief to the SJC, the Court agrees that the petitioner sought appellate review on just one issue, the claim set forth in Ground Four:

> Whether the Appeals Court erred by concluding that amendment of the indictment, after the close of evidence and over objection, was not error which prejudiced the defendant in the presentation of his alibi defense because the amendment reduced the number of alleged assaults from multiple incidents to a single assault.

(S.A. 00144).  Accordingly, the claims raised in Grounds One, Two, Three and Five were not presented to the SJC and thus have not been exhausted.[1]

This Court is thus faced with a "mixed petition" for habeas corpus, that is, a petition with both exhausted and unexhausted claims.  The government contends that the petition should be dismissed in its entirety.  *See Rose v. Lundy*, 455 U.S. 509, 515 (1982).  In the Court's view, however, the remedy suggested by the government is unwarranted in this case.  A federal court confronted

---

[1] To be clear, the record reflects that Racine raised Grounds One through Four in the Appeals Court but abandoned Grounds One through Three in his application to the SJC for leave for further appellate review.  With respect to Ground Five, Racine did not present that claim to either the Appeals Court or the SJC and he raises it for the first time in his habeas petition.

4

with a habeas petition that contain both exhausted and unexhausted claims may (1) dismiss the petition in its entirety, (2) allow the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims, (3) stay the petition until the petitioner returns to state court to exhaust his previously unexhausted claims, or (4) deny the petition on the merits if none of the petitioner's claims has any merit. *Rhines v. Weber*, 544 U.S. 269, 278; 28 U.S.C. § 2254(b).

A court should not dismiss a petition in its entirety if doing so would "unreasonably impair the petitioner's right to obtain federal relief," *Rhines*, 544 U.S. at 278, and since the enactment of the Antiterrorism and Effective Death Penalty Act, which put a one-year statute of limitations on habeas petitions, courts have recognized that dismissing a petition in its entirety often has the effect of foreclosing a petitioner's right to federal habeas review because it is unlikely that the petitioner will be able to exhaust his state court remedies and re-file before the limitations period expires. *Id.* at 275.

In this case, it appears that the limitations period has already run and, therefore, if the petition were to be dismissed in its entirety, the petitioner would have no further opportunity for federal review. With respect to the third option, a court may stay the action only when the petitioner has good cause for his failure to exhaust his claims in state court and when his

unexhausted claims are not plainly meritless. *Santana v. Ryan*, No. 14-cv-14097-ADB, 2015 U.S. Dist. LEXIS 99672 at *13 (D. Mass. July 30, 2015). Because nothing in the record suggests that Racine had good cause for failing to exhaust his claims below, there is no basis to stay the action in order to afford the petitioner a chance to exhaust those claims. And with respect to the fourth option, it is not appropriate in the Court's view to reach the petitioner's claims on the merits where the government has not addressed the merits of the claims in its opposition and it is not self-evident to the court that none of the claims has any merit.

The remaining option, allowing the petitioner to dismiss the unexhausted claims and to proceed with his exhausted claims, is the most appropriate option in this case. *DeLong v. Dickhaut*, 715 F.3d 382, 387 (1st Cir. 2013)("When faced with a mixed petition, 'the best practice is for the district court to give the petitioner an opportunity to dismiss the unexhausted claims.'"). Accordingly, the petitioner should be given the option of voluntarily dismissing the unexhausted claims, i.e., the claims raised in Grounds One, Two, Three and Five. If he were to do so, those claims would then be dismissed without prejudice and the remainder of the petition, that is, Ground Four, could be considered on the merits. If the petitioner were to fail to dismiss voluntarily the unexhausted claims within 30 days of the

entry of the District Judge's Order, the entire petition should be dismissed.

### III. CONCLUSION

In light of the foregoing, this court recommends to the District Judge that Racine be given the option of dismissing all claims except for the one exhausted claim he presented to the SJC, that is, the claim raised in Ground Four. The Court recommends that Racine be given 30 days from the District Judge's ruling to drop the unexhausted claims in Grounds One, Two, Three and Five. If he fails to do so, the petition should be dismissed.[2]

/s/ Donald L. Cabell
DONALD L. CABELL, U.S.M.J.

DATED:   February 15, 2018

---

[2] The parties are hereby advised that under the provisions of Federal Rule of Civil Procedure 72(b), any party who objects to this recommendation must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. See *Keating v. Secretary of Health and Human Servs.*, 848 F.2d 271 (1st Cir. 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *See also Thomas v. Arn*, 474 U.S. 140 (1985).